UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAROL L. ISAACS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:03-cv-0348-LJM-JMS |
| | ) | |
| HILL'S PET NUTRITION, INC., | ) | |
| Defendant. | ) | |

## ORDER ON PLAINTIFF'S OBJECTION TO DEFENDANT'S ALLEGED EXPERTS & MOTION TO PRECLUDE EXPERT EVIDENCE

This cause is now before the Court on Plaintiff's, Carol L. Isaacs ("Isaacs"), Objection to Defendant's, Hill's Pet Nutrition, Inc. ("Hill's"), Alleged Experts and Motion to Preclude Evidence of Defendant's Alleged Experts. In her motion, Isaacs seeks to exclude the testimony of Hill's proposed experts, Lisa A. Rone, M.D. ("Dr. Rone"), a psychiatrist, and Orest Eugene Wasyliw, Ph.D. ("Dr. Wasyliw") (collectively, the "doctors"), a clinical psychologist, on the issues of whether or not Isaacs' work environment was both subjectively and objectively hostile, and on whether or not Isaacs suffered damages.

Having considered the parties' arguments, and for the following reasons, the Court **GRANTS in part and DENIES in part** Isaacs' motion.

### I. BACKGROUND

In this case, Isaacs claims that Hill's violated Title VII of the Civil Rights Act of 1964 when it ignored her complaints about a hostile working environment. In opposition to Hill's' Motion for Summary Judgment, Isaacs presented evidence that over the course of her employment with two different teams at Hill's Isaacs experienced several instances of harassment from coworkers, that she

complained about such treatment, and that Hill's did nothing to correct the situation. Isaacs claims that Hill's unlawful activity caused her to suffer damages, both of a compensatory variety and of a pain and suffering variety. In its opinion on Isaacs' appeal, the Seventh Circuit stated that Isaacs' evidence related to her hostile work environment claim against Hill's was enough for a reasonable jury "to conclude that Isaacs was subjected to a pervasively hostile environment, designed by the male workers to drive women from the plant or at least express domination and control over them." *Isaacs v. Hill's Pet Nutrition, Inc.*, 485 F.3d 383, 386 (7th Cir. 2007). After reciting the evidence, the *Isaacs* court concluded:

> A jury could infer that working conditions for female laborers at Hill's Pet Nutrition were materially worse than the conditions for male laborers, that managers of the firm knew this, and that they did nothing because the firm deemed the men's morale more important than the women's welfare. That conclusion would be enough to support an award of damages under Title VII.

*Id.* at 387.

It is with that background that the Court decides the instant motion.

## II.  STANDARD

The standards for admissibility of expert testimony are set forth in Federal Rule of Evidence 702 ("Rule 702"), and in and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny. Under Rule 702 and *Daubert* the Court follows a two-prong framework: (1) the Court must determine whether "the proposed witness would testify to valid scientific, technical, or other specialized knowledge and (2) [the Court must determine whether] his testimony will assist the trier of fact." *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 816 (7th Cir. 2004) (quotations and citations omitted). The first prong "of this framework evaluates the reliability of the

2

testimony." *Id.* To determine whether the doctors' opinions are reliable the Court "'must determine whether the expert is qualified in the relevant field and whether the methodology underlying the expert[s'] conclusions is reliable.'" *Id.* (quoting *Zelinski v. Columbia 300, Inc.*, 335 F.3d 633, 640 (7th Cir. 2003)). The Court must "reject "any subjective belief or speculation."' *Id.* (quoting *Chapman v. Maytag Corp.*, 297 F.3d 682, 687 (7th Cir. 2002) (citing *Porter v. Whitehall Labs., Inc.*, 9 F.3d 607, 614 (7th Cir. 1993)). Moreover, the Court may exclude expert testimony if it concludes that the analytical gap between the underlying facts or data and the conclusion is too great to put the expert's testimony before the jury. *See Cunningham v. Masterwear, Inc.*, No. 1:04-cv-1616-JDT-WTL, 2007 WL 1164832, at *2 (S.D. Ind. Apr. 19, 2007) (citing *United States v. Mamah*, 332 U.S. 475, 478 (7th Cir. 2003); *Target Mkt. Publ'g, Inc. v. ADVO, Inc.*, 136 F.3d 1139, 1144 (7th Cir. 1998)).

Under the second prong, the Court "evaluates the testimony's relevance." *Id.* The opinion may assist the trier of fact with any issue involved in the case; the expert need not opine about the ultimate issue. *See Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000). An expert may opine as to the hypothetical or probable causes of an event if such testimony would aid the jury. *Id.* at 718-19. However, the hypothetical alternative must itself have an analytically sound basis such that it is more than mere speculation. *Id.* at 719 (citing *DePaepe v. Gen'l Motors Corp.*, 141 F.3d 715, 720 (7th Cir. 1998)). The Court may not decide if the expert's opinion is correct, rather it must only determine whether the expert's testimony is pertinent to an issue in the case. *Id.*

### III. DISCUSSION

Hill's has offered the doctors' testimony, in part, to opine on the validity of Isaacs' opinion that the work environment at Hill's was subjectively hostile. It claims that the doctors' methodology for determining whether Isaacs' opinion is credible is supported by the multitude of personality tests that Dr. Wasyliw performed and analyzed. Moreover, Hill's contends that the doctors' testimony is relevant because it will assist the jury determine whether Isaacs' perception of her workplace are colored by her personality traits or by other stresses in her life.

Isaacs claims that the doctors' testimony is both unreliable and irrelevant. Specifically, Isaacs challenges the doctors' reports to the extent that they did not and do not disclose the raw data of the tests Isaacs took at their behest. In addition, Isaacs contends that the doctors did not justify their opinions by referencing the data upon which those opinions are based, which makes it impossible for Isaacs to cross examine the doctors about their opinions. Furthermore, Isaacs takes exception to Hill's' claim that the doctors' testimony is relevant to the validity of Isaacs' perception of the work environment at Hill's. Isaacs asserts that the doctors' testimony on these issues invades the province of the jury and impermissibly puts the stamp of expert approval on Hill's view of Isaacs' subjective beliefs.

With respect to the reliability of the doctors' reports, the Court concludes that they are sufficiently reliable to support the doctors' conclusions regarding the aspects of Isaacs' claims to which they are relevant. The Court notes that Isaacs' primary challenge to the doctors' reports is that they rely on undisclosed raw data and that one cannot track the doctors' conclusions from the data in their reports. First, the Court concludes that the lack of raw data is not an immediate disqualifier given the fact that Isaacs was presented the opportunity to get access to the scores and did not take

steps to get them. Second, although Dr. Wasyliw does not disclose Isaacs' raw scores for the various tests that she completed for him, for each test he discloses the results of the exam to the extent that it indicates the validity of the test to predict what it was designed to predict, and he discloses the clinical results with enough specificity such that the Court can trace Dr. Wasyliw's reasoning. This is not a case in which unqualified persons are interpreting tests that require the skill of a professional. Both doctors' curriculum vitae indicate their experience and competence in their professions.

Similarly, Dr. Rone's report indicates that she reviewed all of the relevant data, reports and depositions given to her and, coupled with her extensive one-on-one interview with Isaacs, made her conclusions using her professional judgment. Although there is no specific "data" per se upon which Dr. Rone based her conclusions, on its face her methodology is not suspect.

With respect to the relevance prong of the Rule 702 and *Daubert* inquiry, the Court concludes that the relevance of the doctors' testimony is to Isaacs' damages; their opinions about Isaacs' credibility is the province of the jury and not a subject for which this Court will allow expert testimony. However, some of the doctors' opinions are reasonably relevant to Isaacs' damages. As Hill's points out, Isaacs intends to present expert testimony with respect to her physical and emotional damages. As such, the Court must conclude that some of the doctors' opinions are relevant. Therefore, those opinions of the doctors' that appear to be reasonably calculated to rebut Isaacs' expert testimony on her damages, are admissible; however, those opinions of the doctors' opinions that appear to be reasonably calculated to opine on Isaacs' credibility generally, are inadmissible.

Hill's provided the Court with the doctors' expert reports in which each doctor outlines their respective opinions. To make the Court's viewpoint clear on which opinions it has concluded are

5

admissible and which opinions it has concluded are not admissible the Court has reviewed each doctor's report and renders the following ruling with respect to each of the opinions outlined therein: (a) Dr. Wasyliw's opinions that are numbered 1, 2, 3, and 5, at pages 4 to 5 in his report are **ADMISSIBLE**; Dr. Wasyliw's opinions that are numbered 4 and 6, at pages 4 to 5 in his report are **INADMISSIBLE**; (b) Dr. Rone's opinions (which the Court numbered 1 through 10 starting with the first bulleted item on page 1 of her report) 1, 8, 9, and 10, in her report are **ADMISSIBLE**; Dr. Rone's opinions 2, 3, 4, 5, 6, and 7, in her report are **INADMISSIBLE**.

These rulings are intended to provide a guideline to the parties with respect to the orderly presentation of evidence to the jury. The Court, in its discretion, may allow additional testimony from the doctors depending upon the content and scope of the testimony presented by Isaacs' expert witnesses at trial. In other words, the content and the scope of Isaacs' expert witnesses' testimony at trial may open the door for additional relevant testimony from Dr. Wasyliw and/or Dr. Rone.

### IV. CONCLUSION

For the reasons stated herein, Plaintiff's, Carol L. Isaacs, Objection to Defendant's, Hill's Pet Nutrition, Inc., Alleged Experts and Motion to Preclude Evidence of Defendant's Alleged Experts is **GRANTED in part and DENIED in part**.

IT IS SO ORDERED this 25th day of March, 2008.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Electronically distributed to:

Ellen E. Boshkoff
BAKER & DANIELS
ellen.boshkoff@bakerd.com

Jane A. Dall
BAKER & DANIELS
jane.dall@bakerd.com

Richard L. Darst
COHEN GARELICK & GLAZIER
rdarst@fed-law.com

Rene M. Johnson
MORGAN LEWIS & BOCKIUS LLP
rjohnson@morganlewis.com

Susan W. Kline
BAKER & DANIELS
swkline@bakerd.com

Joseph C. Pettygrove
BAKER & DANIELS
joseph.pettygrove@bakerd.com

George A. Stohner
MORGAN LEWIS & BOCKIUS
gstohner@morganlewis.com